Filed 10/1/13  P. v. Thomas CA2/2
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B243153 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA255650) |
| v. | |
| DEVIN L. THOMAS, | |
| Defendant and Appellant. | |

THE COURT:*

Devin L. Thomas (Thomas) appeals from a 2012 order finding him in violation of his probation and lifting the stay on a state prison sentence which was imposed but suspended in 2004 after he entered a plea of no contest to three counts of assault with intent to commit rape (Pen. Code, § 220).  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*), raising no issues.  On April 30, 2013, we notified Thomas of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he wants us to consider.  The deadline was extended to July 31, 2013.  Thomas filed a timely letter in which he raised issues related to the 2004 case rather than the 2012 order which he challenges in

---

\*      BOREN, P. J., ASHMANN-GERST, J., CHAVEZ, J.

his appeal. We have reviewed the entire record. Having found no arguable issues, we affirm the judgment.

After Thomas pled no contest on March 1, 2004, he was sentenced to eight years eight months in state prison. He was then placed on formal probation for eight years and his sentence was suspended on the condition that, inter alia, he serve one year in county jail, register as a sex offender and not use or possess narcotics.

Thomas appealed the judgment.

On January 6, 2005, the trial court revoked Thomas's probation when he failed to appear for a hearing. A bench warrant was issued.

In *People v. Thomas* (Sept. 8, 2005, B175366) [nonpub. opn.], the judgment against Thomas was affirmed.

Thomas was arrested in early 2012 based on two outstanding warrants. After he was driven to the police station and removed from the police car, the police officers found two baggies of cocaine in the backseat. On August 7, 2012, the trial court held a probation violation hearing. The trial court found that Thomas did not comply with a substantial number of his probation conditions, such as registering as a sex offender. The stay on the state prison sentence was lifted, and Thomas received credit for 562 days.

In his letter, Thomas contends: (1) His arrest for the charged crimes in the underlying case was made without probable cause and based on false evidence; (2) the arresting officers engaged in various types of misconduct; (3) he received ineffective assistance of counsel when his attorney failed to file a motion to dismiss and otherwise made tactical errors; (4) his attorney should have been removed from the case; (5) he was mistreated pending trial; (6) his no contest plea should not have been accepted because he told the trial court he was innocent; (7) he was coerced and threatened into accepting a plea bargain; (8) he should be permitted to rescind his plea so that he can go to trial and prove his innocence; and (9) there is evidence outside the record that needs to be subpoenaed to support his claims.

2

The problem with Thomas's arguments is that they pertain to the underlying judgment, which was affirmed on appeal in 2005. The current appeal pertains to the order revoking his probation and lifting the stay on his sentence. Because Thomas does not contend that there was insufficient evidence that he violated the terms of his probation, we perceive no grounds for reversal.

We have examined the entire record and are satisfied that Thomas's appellate counsel fully complied with her responsibilities and that no arguable issue exists. We conclude that Thomas has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the order entered against him. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123–124.)

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.